ERNESTINE M. ADAMS et al., MILTON W. AMSTER et al.,
Petitioners,

*vs.*

R. C. WILLIAMS & COMPANY, INC., a New York corporation,
Defendant.

*New Castle, May 22, 1959.*

*Andrew B. Kirkpatrick, Jr.* of Morris, Nichols, Arsht & Tunnell, Wilmington, and *Arthur Sullivan* of Morris, James, Hitchens & Williams, Wilmington, each representing certain petitioners.

*James T. McKinstry* of Richards, Layton & Finger, Wilmington, and *Thomas W. Kelly* and *Clifford B. Storms* of Breed, Abbott & Morgan, New York City, for defendant.

SEITZ, Chancellor: Pursuant to 8 *Del.C.* § 262 this court appointed an appraiser to determine the value of the shares of certain stockholders who dissented from a merger. After the discovery proceedings had been completed and on the eve of the trial before the appraiser, the petitioning stockholders filed an appropriate pleading asking the appraiser to request authority from the court to retain an independent expert, at the corporation's expense, to appraise each and every tangible asset owned by the corporation of which they were stockholders. The appraiser presented such a motion to the court and this is the decision thereon.

The petitioning stockholders, in the argument before the court, did not stress the importance of granting the prayers of the motion. Rather, their counsel emphasized the fact that they believed that there was sufficient evidence before the appraiser already to support their claimed estimate of asset value. The attorney for the corporation vigorously resisted the motion primarily on the ground that it was an indirect attempt to accomplish what the statute directly prohibited, namely, the assessing of expert witness fees of the parties as part of the costs.

While this matter is brought before the court by the motion of the appraiser, realistically, it is an application by the dissenting stockholders. The appraiser himself does not suggest that he needs this appraisal in order to properly discharge his function. He merely brought the motion on as a courtesy to counsel.

I am satisfied that where a party suggests to an appraiser that an expert should be employed to appraise particular assets and the appraiser does not reach a conclusion that such an appraisal is reasonably necessary under the particular circumstances before he can discharge his function properly, the court should not authorize the appraiser to employ such an expert. I say this for at least three reasons. First, the entry of such an order would tend to constitute a judgment

that in the court's mind such evidence was necessary even though the appraiser did not so consider it. This would be a form of pre-judgment without the full facts. Second, although the expert would be selected by the appraiser rather than the party, it would under the circumstances tend to be a device which might circumvent the prohibition in the statute against assessing the charges of the party's expert as part of the costs in the cause. Third, the dissenting stockholders do not say that they have not made out a "net asset" case without the requested appraisal.

I recognize that no appraisal was made or submitted on behalf of the merging corporations. But I do not believe that factor is relevant where this matter is presented to the court as the application of the dissenting stockholders and not of the appraiser.

I therefore instruct the appraiser that he may not employ expert witnesses to appraise the assets as requested by the petitioning stockholders.

Present order on notice.